UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL WEITZEL, | 2:08-cv-627–BES-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| THE MIRAGE CASINO HOTEL, a Nevada Corporation. | |
| Defendant. | |

Currently before the Court is Defendant The Mirage Casino-Hotel's (the "Mirage") Motion for Summary Judgment (#11) filed on October 21, 2008. Plaintiff Samuel Weitzel ("Plaintiff") filed an Opposition to Defendant's Motion for Summary Judgment (#16) on November 17, 2008, and the Mirage filed a Reply (#20) on December 1, 2008. Oral argument was heard on this matter on April 21, 2009.

## BACKGROUND

This case involves an employment discrimination claim based on the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff was employed by the Mirage as a craps dealer for a period of over twenty years. According to Plaintiff, in addition to working the craps table, the Mirage occasionally required him to work as a blackjack dealer even though he was not formally trained for that position. (Complaint (#1) at 3). Plaintiff states that

1

during one of the occasions when he was required to work as a blackjack dealer, he "made a minor mistake, which was reported, immediately, to the pit supervisor." Id. at 4. The next day, Plaintiff was suspended from his employment with the Mirage. Id. According to Plaintiff, he was falsely accused of "engaging in intentional behavior" which resulted in the loss to the Mirage of four hundred dollars. Id. Plaintiff was terminated on June 7, 2006. Id.

At the time of his termination, Plaintiff was sixty years old. Id. at 5. On August 22, 2006, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (Defendant's Motion for Summary Judgment (#11) at Exhibit 1). Plaintiff filed an Amended Charge the following day. Id. at Exhibit 2. In his Amended Charge, Plaintiff asserted that he was discriminated against by the Mirage based on age. Plaintiff asserted that the earliest date of discrimination was May 26, 2006, and that the last date of discrimination was June 7, 2006. Id. Plaintiff asserted that although he was technically discharged for failing to following gaming policy and procedures, he believed he was terminated because of his age. Id.

Several months later, but while the EEOC charge was still pending, Plaintiff filed a Chapter 7 Bankruptcy Petition with the United States Bankruptcy Court, District of Nevada. Id. at Exhibit 3. As part of the petition, Plaintiff was required to list and attest to his personal property. Id. at Exhibit 3, p. 14. Specifically, Schedule B of the Bankruptcy Petition included a list of the type of property to include and indicated that if the debtor had no property in one or more of the categories to place an "x" in the column labeled "none." Id. Plaintiff placed an "x" in the none column for the category which listed: "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Id. Three months later, on July 18, 2007, the Bankruptcy Court granted Plaintiff a discharge of his debts. Id. at Exhibit 4. A final decree was entered in the bankruptcy case on July 24, 2008. Id.

On February 15, 2008, the EEOC sent Plaintiff a Dismissal and Notice of Rights letter. Id. at Exhibit 7. According to that letter, the EEOC stated that it was "unable to conclude that the information obtained establishes a violation of the statutes." Id. However, the letter gave

1 Plaintiff the right to file a lawsuit based on the charge in either federal or state court. Plaintiff
2 filed the instant lawsuit on May 14, 2008. In his Complaint, Plaintiff asserted that as a result
3 of the Mirage's discrimination, Plaintiff "experienced financial ruin, including but not limited to
4 foreclosure on the family home [and] the filing of bankruptcy." (Complaint (#1) at 8).

5 On October 21, 2008, the Mirage filed a Motion for Summary Judgment (#11) on the
6 claims asserted against it in Plaintiff's complaint. According to the Mirage, it is entitled to
7 summary judgment because Plaintiff failed to disclose his claims against the Mirage in his
8 Bankruptcy Petition. (Motion for Summary Judgment (#11) at 10). As a result, the Mirage
9 states that Plaintiff is judicially estopped from pursuing his claims against the Mirage in this
10 case.

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. Lynn v. Sheet Metal Workers Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998).

Any dispute regarding a material issue of fact must be genuine—the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Id. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." British Airways Bd. v.

1  Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978). The evidence must be significantly probative,
2  and cannot be merely colorable. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
3  Conclusory allegations that are unsupported by factual data cannot defeat a motion for
4  summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

5  In its motion for summary judgment, the Mirage asserts that the doctrine of judicial
6  estoppel applies to Plaintiff's claims in this case because he failed to disclose them to the
7  bankruptcy court during his bankruptcy proceedings. The Mirage notes that Plaintiff filed the
8  charge of discrimination with the EEOC several months before filing his bankruptcy petition.
9  Therefore, according to the Mirage, Plaintiff had sufficient knowledge of the potential claims
10 to require disclosure to the bankruptcy court. Thus, because he failed to disclose the potential
11 claims, the Mirage asserts that judicial estoppel should be invoked in order to protect the
12 integrity of the bankruptcy process.

13 In response, Plaintiff concedes that he failed to disclose his potential claims against the
14 Mirage to the bankruptcy court. However, Plaintiff asserts that this was an inadvertent
15 omission based on the fact that he did not have an attorney when he filed his employment law
16 claim. In addition, Plaintiff argues that judicial estoppel should not be applied because Plaintiff
17 has filed a motion to reopen his bankruptcy proceeding so that he may amend his scheduled
18 list of property to include the Mirage claims.

19 Pending and potential causes of action are among the "legal and equitable interests"
20 that become the property of a bankruptcy estate upon filing a bankruptcy petition. See 11
21 U.S.C. 541(a)(1)(the bankruptcy estate includes "all legal or equitable interests of the debtor
22 in property as of the commencement of the case"); see also Sierra Switchboard Co. v.
23 Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986)(even personal injury claims are
24 part of the bankruptcy estate whether or not transferable or assignable under state law). As
25 a result, the "Bankruptcy Code and Rules 'impose upon the bankruptcy debtors an express,
26 affirmative duty to disclose all assets, including contingent and unliquidated claims.'" Hamilton
27 v. State Farm fire & Casualty Co., 270 F.3d 778, 785 (9th Cir. 2001)(quoting In re Coastal
28 Plains, Inc., 179 F.3d 197, 207-08 (5th Cir. 1999)). "The debtor's duty to disclose potential

1  claims as assets does not end when the debtor files schedules, but instead continues for the
2  duration of the bankruptcy proceeding." Id.

3  Because pending and potential causes of action are required to be disclosed in a
4  bankruptcy petition, courts have "judicially estopped a party from asserting a cause of action
5  not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or
6  disclosure statements." Id. at 783. "The doctrine of judicial estoppel is an equitable doctrine
7  a court may invoke to protect the integrity of the judicial process." United Nat. Ins. Co. v.
8  Spectrum Worldwide, Inc., 555 F.3d 772, 778 (9th Cir. 2009). According to the Ninth Circuit,
9  the doctrine "was developed to prevent litigants from 'playing fast and loose' with the courts
10 by taking one position, gaining an advantage from that position, then seeking a second
11 advantage by later taking an incompatible position." Id.  In addition, judicial estoppel is
12 invoked in order to maintain the "orderly administration of justice and regard for the dignity of
13 judicial proceedings." Hamilton, 270 F.3d at 782. "Judicial estoppel not only bars inconsistent
14 positions taken in the same litigation, but 'bar[s] litigants from making incompatible statements
15 in two different cases.'" United, 555 F.3d at 778 (quoting Hamilton, 270 F.3d at 783).

16 The United States Supreme Court has listed three factors a court may consider in
17 determining whether to apply the doctrine of judicial estoppel: (1) whether a party's later
18 position is "clearly inconsistent" with its early position; (2) whether the party has succeeded in
19 persuading a court to accept that party's earlier position, so that judicial acceptance of an
20 inconsistent position in a later proceeding would create "the perception that either the first or
21 the second court was misled," thereby threatening judicial integrity; and (3) whether the party
22 seeking to assert an inconsistent position would derive an unfair advantage or impose an
23 unfair detriment on the opposing party if not estopped. Hamilton, 270 F.3d at 782-83 (citing
24 New Hampshire v. Maine, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). However,
25 the Supreme Court stated that "[i]n enumerating these factors, we do not establish inflexible
26 prerequisites or an exhaustive formula for determining the applicability of judicial estoppel."
27 Id. "Additional considerations may inform the doctrines application in specific factual
28 contexts." Id.

1　　　　　The Ninth Circuit has applied the doctrine of judicial estoppel to claims not disclosed
2　in a bankruptcy petition but later filed in court. See Hamilton, 270 F.3d at 778; see also Hay
3　v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555 (9th Cir. 1992).  In Hay, the Ninth
4　Circuit affirmed an order of summary judgment on behalf of the defendant after the plaintiff
5　filed suit on a case it failed to disclose to the bankruptcy court. 978 F.2d at 555.  According
6　to the court, the "complaint set forth several causes of action, each of which arose out of
7　events that occurred either prior to, or during the pendency of" plaintiff's bankruptcy
8　proceeding. Id. at 556-57. In fact, the court noted that plaintiff "learned of the facts" that led
9　to the discovery of the claims asserted in the case "some four months prior to the close of the
10　bankruptcy case." Id.  The court stated that it recognized that all facts "were not known to
11　[plaintiff] at that time, but enough was known to require notification of the existence of the
12　asset to the bankruptcy court." Id. Because the plaintiff failed to give the required notice to
13　the bankruptcy court, the court held that plaintiff was estopped from later bringing the claims.
14　Id. As a result, summary judgment was appropriate.

15　　　　　In Hamilton, the Ninth Circuit applied the three factors espoused by the Supreme Court
16　to hold that Hamilton was estopped from bringing a claim against State Farm because he
17　failed to disclose the claim to the bankruptcy court. 270 F.3d at 778. As to the first factor, the
18　court noted that Hamilton clearly asserted inconsistent positions when he "failed to list his
19　claims against State Farm as assets on his bankruptcy schedules, and then later sued State
20　Farm on the same claims." Id. at 784. As to the second factor, the court stated that "a
21　discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance
22　to provide a basis for judicial estoppel, even if the discharge is later vacated." Id.  The court
23　went on to note that its holding "does not imply that the bankruptcy court must actually
24　discharge debts before the judicial acceptance prong may be satisfied." Id. "The bankruptcy
25　court may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential
26　claims in many other ways." Id.  Based on the foregoing, the court held that it "must invoke
27　judicial estoppel to protect the integrity of the bankruptcy process." Id.
28　　　　　In this matter, judicial estoppel is appropriate to protect the integrity of the bankruptcy

1  process. Plaintiff concedes that he failed to disclose his potential claims against the Mirage
2  in his bankruptcy petition. Moreover, Plaintiff filed his EEOC charge several months prior to
3  the commencement of the bankruptcy proceedings, which shows that he had the information
4  which he relied on in his discrimination claim several months before filing for bankruptcy. As
5  a result, because Plaintiff failed to disclose his discrimination claim to the bankruptcy court,
6  his later position to sue the Mirage based on that same claim is "clearly inconsistent" with the
7  position he took with the bankruptcy court. In addition, it is clear that the bankruptcy court
8  accepted Plaintiff's earlier position because it discharged Plaintiff's debt. That Plaintiff has
9  subsequently moved to reopen the bankruptcy proceeding does not excuse his earlier failure
10 to disclose; judicial estoppel ensures that debtors make a "full and honest disclosure" of their
11 assets in the original bankruptcy proceeding. See Hamilton, 270 F.3d at 784-85. Nor does
12 Plaintiff's claimed ignorance of the disclosure requirements because he filed his EEOC charge
13 without an attorney prevent the application of judicial estoppel. At the time he filed for
14 bankruptcy, Plaintiff knew the facts giving rise to his claims against the Mirage, and allowing
15 such claims to proceed at this time would disrupt and impair the integrity of the bankruptcy
16 proceedings.[1]

17    Based on the foregoing, summary judgment is appropriate on Plaintiff's claims against
18 the Mirage. However, at oral argument, the parties conceded that the real party in interest in
19 this case is the bankruptcy trustee because Plaintiff filed to reopen his bankruptcy proceeding
20 after the Mirage filed its motion for summary judgment. As a result, the parties stipulated to
21 the intervention of the bankruptcy trustee in this matter.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion for

---

[1] At oral argument, Plaintiff argued that his failure to list his discrimination claim on his bankruptcy schedule was not based on any bad faith motive or intent to deceive. However, Plaintiff provided no case law or authority for the proposition that his "good faith ignorance" was an exception to the doctrine of judicial estoppel in this context. Moreover, Plaintiff's repeated assertions that there would be "no harm done" if Plaintiff was allowed to proceed in his discrimination claim is without merit. Notably, allowing Plaintiff to proceed in this matter would harm the judicial integrity of the bankruptcy proceeding and the ruling and holding of that court.

7

Summary Judgment (#11) is GRANTED.  It is FURTHER ORDERED that this matter shall remain open to allow the intervention of the bankruptcy trustee.

DATED: This 22nd day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE